UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TIMOTHY DYKENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10544-NMG |
| | ) | |
| PETER ALLEN, | ) | |
| | ) | |
| Respondent. | ) | |

## **ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Timothy Dykens.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a)-(c). Admitted. Answering further, the respondent states that the citation for the Supreme Judicial Court's opinion is 438 Mass. 827, 784 N.E.2d 1107 (2003).

9(d). Admitted. Answering further, the respondent specifies that the petitioner based his ineffective assistance of counsel claims on: 1) counsel's failure to object to a prejudicial jury instruction; 2) failure to present the petitioner's testimony; 3) failure to make a closing argument on two indictments; and 4) conceding the petitioner's guilt.

9(e) and (f).   Left blank by petitioner.

10.   Admitted.

11(a)(1)-(2)   Admitted.

11(a)(3).   Admitted. Answering further the respondent states the grounds for the ineffective assistance of counsel claim in the motion for new trial were: 1) failure to seek a change in venue; 2) failure to call available witnesses to testify to the pre-existence of marks on the petitioner's body which were alleged by the Commonwealth to have resulted from a struggle with the victim; and 3) failure to object to argument beyond the scope of the evidence in the prosecutor's closing argument.

11(a)(4). Admitted.

11(a)(5). Admitted.

11(a)(6). Left blank by petitioner. Answering further the respondent states that the motion for new trial was denied on June 28, 1999.

11(b). Left blank by petitioner.

11(c). Admitted.

11(d). Left blank by petititioner.

12.   The respondent states that paragraph 12 contains legal argument and conclusions to which no response is required. To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in paragraph 12 of the petition insofar as they are inconsistent with the facts found by the Supreme Judicial Court in *Commonwealth v. Dykens*, 438 Mass. 827, 784

N.E.2d 1107 (2003).

13. The respondent admits that the claim of ineffective assistance for failure to call experts regarding the blood evidence was not presented to the SJC.

14. The respondent states that he lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 14.

15(a)-(d). Admitted.

15(e). Admitted in part and denied in part. Answering further the respondent states that James Couture represented the petitioner in post-conviction proceedings and Bernard Grossberg represented the petitioner on appeal.

16. Admitted.

17. The respondent lacks the knowledge or information sufficient to admit or deny the allegations contained in paragraph 17.

And further answering the respondent has obtained transcripts from the petitioner's trial which will be supplied to the Court whenever deemed necessary. Pursuant to Rule 5 of the Rules Governing 28 U.S.C. §2254 cases, the respondent is filing a Supplemental Answer with the following documents from the petitioner's state court proceedings:

1. Brief on Appeal to the Supreme Judicial Court (07835).

2. Appendix to Brief for appellant.

3. Commonwealth's brief to the Supreme Judicial Court

4. *Commonwealth v. Dykens*, 438 Mass. 827, 784 N.E.2d 1107 (2003).

**DEFENSES**

1. The petition contains grounds that were not presented to the Supreme Judicial Court and are therefore unexhausted.

2. The petition contains claims that are procedurally defaulted.

3. In the alternative, the state court adjudication of the petitioner's claims was not contrary to or an unreasonable application of clearly established Supreme Court law nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court.

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

                                        Respectfully submitted,

                                        THOMAS F. REILLY
                                        ATTORNEY GENERAL

December 29, 2004                    /s/ Susanne G. Reardon
                                        Susanne G. Reardon
                                        Assistant Attorney General
                                        Criminal Bureau
                                        One Ashburton Place
                                        Boston, Massachusetts 02108
                                        (617) 727-2200
                                        BBO No. 561669

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the attached documents was served upon Timothy Dykens, pro se, MCI Cedar Junction, P.O. Box 100, South Walpole, MA 02071, by first class mail, postage pre-paid, on December 29, 2004.

                                        /s/ Susanne G. Reardon
                                        Susanne G. Reardon
                                        Assistant Attorney General