UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY DYKENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-10544-NMG |
| ) | |
| PETER ALLEN, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF THE MOTION TO DISMISS

This memorandum of law is submitted in support of the respondent's Motion to Dismiss the habeas corpus petition filed by Timothy Dykens (the "petitioner"). As argued in this memorandum, the petition should be dismissed where the petitioner has failed to exhaust his available state court remedies as to two claims in his petition. *See Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). The respondent has not briefed his remaining defenses because the petitioner's failure to exhaust mandates dismissal of the entire petition.

### PRIOR PROCEEDINGS

On June 12, 1996, an Essex County grand jury indicted the petitioner for first-degree murder of Kristin Crowley, attempted aggravated rape, and kidnapping (S.A. 2). On October 20, 1997, a jury trial commenced, Grasso, J., presiding (S.A. 2). On October 27, 1997 the jury convicted the petitioner of first-degree murder by deliberate premeditation and by extreme atrocity or cruelty, kidnaping and attempted aggravated rape (aggravated by kidnaping, serious bodily injury, and joint venture) (S.A. 2). The court sentenced the petitioner to the mandatory term of life imprisonment

with respect to the murder conviction and to concurrent terms of eight to ten years and three to five years, respectively, for kidnaping and attempted aggravated rape (S.A. 2).

The petitioner filed a timely notice of appeal on October 27, 1997 (S.A. 2) and the appeal was docketed in the Massachusetts Appeals Court on September 17, 1998. On February 26, 1999, the petitioner filed a motion for new trial in the Supreme Judicial Court ("SJC") (S.A. 2). On March 1, 1999, the SJC remanded the motion for new trial to the superior Court and stayed the appellate proceedings pending the disposition of the motion (S.A. 2). On June 28, 1999 Judge Grasso denied the motion for new trial without an evidentiary hearing in a written memorandum of decision and order (S.A. 2).

On appeal to the SJC, the petitioner raised the following claims: 1) the trial judge committed constitutional error and abused his discretion by allowing note-taking during jury instructions; 2) the trial judge committed error by closing the courtroom during jury instructions; and 3) the petitioner received ineffective assistance of counsel due to counsel's failure to object to a prejudicial instruction and to present the petitioner's testimony and by conceding the petitioner's guilt during closing argument (S.A. 1). The SJC affirmed the petitioner's conviction and the denial of his motion for new trial on March 14, 2003. *Commonwealth v. Dykens*, 438 Mass. 827, 784 N.E.2d 1107 (2003) (S.A. 4). The petitioner filed a petition for habeas corpus on March 16, 2004.

**ARGUMENT**

**THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES AS TO GROUND SIX AND SEVEN OF HIS PETITION.**

It is well-established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-262 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A). The exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518. *See Duncan v. Henry*, 513 U.S. 364, 365-366 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied,* 513 U.S. 1129 (1995); *Mele*, 850 F.2d at 819. *See also Ex parte Royall*, 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution").

Ground six and part of ground seven that alleges that the judge improperly closed the courtroom during jury selection were never presented to the Supreme Judicial Court. As to ground seven, the petitioner only challenged the judge's actions during jury instruction on appeal (See S.A. 1). The Supreme Court enunciated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

"[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all the claims asserted in the petition having been exhausted in the state courts." *Martens v. Shannon*, 836 F.2d at 717. "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to state courts to correct a constitutional violation." *Picard v. Connor*, 404 U.S. at 275, quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950). Because the petitioner has not "fairly presented the substance of [several of his] federal habeas claim[s] to the state court before seeking federal review," *Gagne*, 835 F.2d at 7, his petition should be dismissed as containing unexhausted claims.

## CONCLUSION

For the reasons set forth above, the respondent urges this Court to dismiss the habeas corpus petition.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

December 29, 2004

/s/ Susanne G. Reardon
Susanne G. Reardon, BBO No. 561669
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached document was served upon Timothy Dykens, pro se, MCI Cedar Junction, P.O. Box 100, South Walpole, MA 02071, by first class mail, postage pre-paid, on December 29, 2004.

/s/ Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General