```
                    United States District Court
                      District of Massachusetts
```

_____
                                    )
**TIMOTHY DYKENS,**                 )
                                    )
         Petitioner,                )
                                    )   Civil Action No.
         v.                         )   04-10544-NMG
                                    )
**PETER ALLEN, SUPERINTENDENT,**    )
                                    )
         Respondent.                )
_____)


## MEMORANDUM & ORDER

**GORTON, J.**

On June 12, 1996, a jury in the Massachusetts Superior Court for Essex County convicted petitioner Timothy Dykens ("Dykens") of first degree murder, attempted aggravated rape and kidnapping. Dykens was sentenced to life imprisonment and is currently serving that sentence. Before the Court is his petition for habeas corpus pursuant to 28 U.S.C. § 2254.

### I. Motion to Dismiss

The government moves to dismiss the petition, contending that petitioner has failed to exhaust his state court remedies with respect to Ground Six and part of Ground Seven of his petition and that, therefore, the entire petition should be dismissed. Petitioner opposes the motion, contending that part of Ground Seven to which the government's motion refers has, in

fact, been exhausted. The Court agrees with the government's characterization of the petition as "mixed", that is, one containing both exhausted and unexhausted claims, but does not concur with the government that dismissal of the entire petition is the appropriate remedy.

The exhaustion of remedies requirement, 28 U.S.C. § 2254(b), provides that state prisoners must exhaust their available state court remedies before seeking a federal writ of habeas corpus, thereby "giving the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). A habeas petitioner bears the "heavy burden" of demonstrating compliance with the exhaustion requirement. Barresi v. Maloney, 296 F.3d 48, 51 (2002).

In order to provide state courts with that necessary opportunity, the petitioner:

> must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

Baldwin, 541 U.S., 29. Although a petitioner need not present his federal claims in precisely the same terms in both the state and federal courts, he must tender his federal claim to the state's highest court "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Barresi, 296 F.3d at 51 (internal

quotation marks omitted).  He also must present to the state court both the factual and legal underpinnings of his claim, Nadworny v. Fair, 872 F.2d 1093, 1096 (1989), and must "do more than scatter some makeshift needles in the haystack of the state court record", Martens v. Shannon, 836 F.2d 717, 717 (1988).

Petitioner, represented by counsel, appealed his conviction, which the Supreme Judicial Court subsequently affirmed.  See Commonwealth v. Dykens, 438 Mass. 827 (2003).  Petitioner must, however, do more than appeal in order to exhaust his remedies; he must have "fairly presented" to the Supreme Judicial Court the issues he now seeks to raise before this Court in order for it to entertain them on their merits.

The government contends that petitioner failed to present to the Supreme Judicial Court the arguments set forth in Ground Six and part of Ground Seven of his petition.  Ground Six of the petition alleges ineffective assistance of counsel based upon the "[f]ailure to present the testimony of the defendant and other witnesses and failure to call forth expert testimony or even to argue against the blood evidence."  Ground Seven alleges that "[t]he judge erred when he closed the courtroom not only during jury selection but also during jury instruction, without making any findings as to why."

After reviewing petitioner's brief to the Supreme Judicial Court and the appendix thereto, the Court finds that Ground Six

is partially exhausted and partially unexhausted.  Petitioner raised the issue of ineffective assistance of counsel below and his brief clearly contended that his claim was based upon both the Massachusetts Declaration of Rights and the federal Constitution.  Because he argued that trial counsel erred by failing to present the testimony of petitioner and other witnesses with respect to petitioner's intoxication, the claim is exhausted with respect to those factual underpinnings.  But because petitioner's brief did not assert that his claim of ineffective assistance of counsel was based upon trial counsel's failure to obtain an expert to testify regarding blood evidence or his failure to make arguments regarding incriminating blood evidence, the claim is unexhausted as it relates to those factual underpinnings.  The Court notes that petitioner did, however, raise the issue of retaining an expert to testify with regard to petitioner's intoxication and, to the extent petitioner's instant claim relates to retaining an expert in the field of intoxication, that claim is not unexhausted.

Likewise, the Court finds Ground Seven to be partially exhausted and partially unexhausted.  Petitioner's brief to the Supreme Judicial Court contended that the trial judge's closing of the courtroom during jury instructions violated the Massachusetts Declaration of Rights as well as the United States Constitution and that claim is exhausted.  It did not, however,

sufficiently address the claim that the closing of the courtroom during jury selection violated petitioner's federal rights.

The section of the brief dealing with courtroom closing, entitled "The trial judge committed error by closing the courtroom <u>during jury instructions</u> without making findings" (emphasis supplied), presented the facts surrounding the closing of the courtroom and analyzed that closing in light of relevant caselaw.  It then argued that the court should create a bright-line rule prohibiting courtroom closing "at any critical stage of a trial, whether that stage involves impanelment, presentation of evidence, argument or jury instructions."  A footnote following that sentence, which contained the only mention of the courtroom closure during empanelment, read "[a]lthough not clear from the record, the courtroom was also closed during jury impanelment."

Petitioner's instant claim, that the trial judge committed error by closing the courtroom during jury selection, was not presented in a way that would alert a reasonable jurist that the petitioner was claiming constitutional error due to that fact because petitioner did not argue that closing a courtroom during jury empanelment was constitutionally inapt.  Instead, it appears that the reference to the closing during empanelment was intended to provide a factual background for the claim relating to the closing during jury instructions.  The claim relating to closing the courtroom during jury selection, therefore, is unexhausted.

-5-

This Court is thus faced with a "mixed petition" for habeas corpus. The government contends that the petition should be dismissed in its entirety pursuant to Rose v. Lundy, 455 U.S. 509, 515 (1982). However, the remedy suggested by the government is unwarranted in this case.

A federal court confronted with a habeas petition that contain both exhausted and unexhausted claims may 1) dismiss the petition in its entirety, 2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims or 3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims. Rhines v. Weber, 125 S.Ct. 1528, 1535 (2005). The court should not dismiss the petition in its entirety if doing so would "unreasonably impair the petitioner's right to obtain federal relief," id., and since the enactment of the Antiterrorism and Effective Death Penalty Act, which put a one-year statute of limitations on habeas petitions, courts have recognized that dismissing a petition in its entirety often has the effect of foreclosing a petitioner's right to federal habeas review because it is unlikely that the petitioner will be able to exhaust his state court remedies and re-file before the limitations period expires. Id. at 1533.

In this case, it appears that the limitations period has already run and, therefore, if this Court were to dismiss the petition in its entirety, petitioner would have no further

opportunity for federal review. With respect to the third option, the court may stay the action only when the petitioner has good cause for his failure to exhaust his claims in state court and when his unexhausted claims are not plainly meritless. Id. at 1535. Because nothing in the record suggests that petitioner had good cause for failing to exhaust his claims below, the Court declines to stay the action in order to afford petitioner a chance to exhaust those claims.

The remaining option, allowing the petitioner to dismiss the unexhausted claims and to proceed with his exhausted claims, is appropriate in this case. Accordingly, plaintiff may voluntarily dismiss the unexhausted claims, i.e., 1) ineffective assistance of counsel due to counsel's failure to elicit expert testimony relating to blood evidence or to argue against the blood evidence and 2) error due to the trial judge's closing of the courtroom during jury selection. If he does so, those claims will be dismissed without prejudice and the remainder of the petition will be considered on the merits. If petitioner fails to dismiss voluntarily those claims within 30 days of the entry of this memorandum and order, the entire petition will be dismissed.

**II. Motion to Stay**

On January 5, 2005, petitioner moved to stay the proceedings until the Court rules on his Motion to Appoint Counsel. The Motion to Appoint Counsel, however, was denied by this Court on

July 8, 2004 (see electronic order denying Docket No. 2). Counsel will not be appointed for petitioner and the Motion to Stay will be denied as moot.

## ORDER

Based on the foregoing:

1) Respondent's Motion to Dismiss (Docket No. 6) is **DENIED** without prejudice to respondent re-filing a motion to dismiss based upon the merits of petitioner's exhausted claims, if petitioner elects to dismiss his unexhausted claims;

2) Petitioner's Motion to Stay Proceedings Until Counsel is Assigned (Docket No. 10) is **DENIED** as moot; and

3) this case will remain open for 30 days pending petitioner's action with respect to his unexhausted claims.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                       Nathaniel M. Gorton
                                       United States District Judge

Dated: June 17, 2005