UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

TIMOTHY DYKENS,                )
    PETITIONER                 )
                               )
V.                             ) CIVIL ACTION NO.04-10544-NMG
                               )
PETER ALLEN,                   )
    RESPONDENT                 )
                               )

---

PETITIONERS MEMORANDUM

IN SUPPORT OF TRAVERSE

---

The Petitioner Timothy Dykens, in Propia Persona hereby submits this Memorandum of Law in support of his Motion of Traverse.

In the Respondents Memorandum in Opposition to the Petition for Habeas Corpus the claims by the Respondent are as follows:

1) The petitioner's first claim regarding Jury note taking and the judges instructions regarding the notes and his ineffective assistance of counsel claim regarding counsel's failure to present a full intoxication defense are both procedurally defaulted and the petitioner has failed to show cause for and prejudice from the default or that a failure to consider the claims will result in a fundamental miscarriage of justice.

2. The SJC's decision that Petitioner received effective assistance of counsel was not contrary to or an unreasonable application of clearly established Supreme Court law.

3. The SJC's holding that the judges closing of the courtroom during jury instruction did not violate the Petitioner's right to a public trial was not an unreasonable application of Supreme Court caselaw.

The Respondent is wrong on both the law and the facts. The Petitioner concedes that the Courts will always allow whole written jury instructions even with "expressed disapproval." United States v. Perez 648 F.2d 219,222(1981) The Petitioner disagrees with the way it was done in this case. This case stands alone and is unique, and will have negative affect on future jurisprudence if it is allowed to stand. The courts have held that the written jury instruction must be whole. " A written copy or a tape recording of, together with equipment to enable the jury to hear, the **complete** instructions as given by the court." UNITED STATES V. SILVERN 484 f.2d 879(1973). In this instance the judge told the jury,"As to the first part, you are going to be relying entirely on your memory. **You will not have the benefit of any notes**. Prior to the beginning of substantive law.... **I will have the court officers distribute note-books to you.** [Tr XI-5-36] Which goes against UNITED STATES V. SILVERN, UNITED STATES V. SCHILLECI 545 F.2d 519 (5th Cir. 1977) "The court may not single out any **one** area that might create prejudice to any defendant in the case."

(2)

UNITED STATES V. SIMMS 508 F.Supp 1188,1209 (1980). As in this case if " the practice is conducive to dissection of the charge by the jury and **overemphasis** of isolated parts rather than consideration of the charge as a whole. UNITED STATES V. WATSON 669 F.2d 1374,1385 (1982) Quoting Schilleci 545 F.2d 526. Then the judge informed the jury,"**you will not have a written transcript of these instructions** with you, when you are in the jury room. So use these notebooks in the manner **you** consider helpful." [TR XI5-37] this last goes against Silvern and all other case law on written jury instructions. And because the SJC refused to correct the Trial Court's error the decision fall under "the Unreasonable application clause." A decision fall victim to the clause if the State Court applies the correct legal standard in an objectively unreasonable manner...or fails to extend such a precedent to an appropriate context ." RASHAD V WALSH 300 F.3d 27,34 (1st Cir 2002) which is the case here. The SJC's decision not to correct the Trial Court's error sets not only bad precedent, it also makes "errors that undermines the confidence in the fundamental fairness of the State adjucation certainly justifies the issuance of a Federal Writ." WILLIAMS V TAYLOR 120 S.CT 1495,1503. A State Court decision is objectively unreasonable only if (as here) it falls " outside the Universe of Plausible credible outcomes" WILLIAM V. MATESANZ 230 F.3d 421,425 (1st Cir 2000) quoting OBRIEN 145 F.3d at 25

Unlike most other cases we do not know what the jury had for note's on jury instruction during deliberations, because they took them themselves for only two thirds of the instruction and then the books were collected and destroyed. And since the Petitioner was not allowed to check the notes he was greatly prejudiced on his appeal.

Petitioner contends that the Judge repeating portions of the jury instructions so as the jurors could jot down notes put undue influence on that portion. "written instructions constituted reversible error because of courts over emphasis of isolated parts of the charge." UNITED STATES V. HOLMAN 680 F.2d 1340,1354 (1982) "The practice is conducive to dissection of the charge by the jury and overemphasis's of isolated parts rather than the consideration of the charge as a whole" UNITED STATES V WATSON 669 F.2d 1374,1385(1982) " no doubt instructions which he reads and hands over to the jury may make a stronger impression than other instructions which are not reduced to writing." UNITED STATES V COPELAND 152 F.2d 769 770. And if this case is allowed to stand it will appear that the judges in the State of Massachusetts will be able to put there thumb on the scale of justice, to be able to secure a verdict of guilty. The court's as here have held "There is a greater need for reliability in determining whether it is appropriate in a particular case ...(as here) the error is to obvious, the likelihood of prejudice is to great, and the stakes to high to conclude the error was harmless." MORRIS V WOODFORD 273 F.3d 826,842 (9 th cir 2001)

(4)

In this case before the Court the Judge Passed out the note books after he went through the portion of the charge that had Reasonable Doubt and the presumption of innocence. And in doing that made them seem less important to the jury by emphasizing the last two thirds of instructions. Even though this case is unique and Petitioner can find no exact case law to back it up the Petitioner contends that he needs not to. "A Petitioner need not point a Habeas Court to a factually identical Precedent" OBRIEN V DUBOIS 145 F3.d 16,21 (1st cir 1998) And Petitioner also contends that seeing as no case on notetaking during jury instructions for only two thirds of the instructions exist that the Court should not only hear this Petition but set precedent for future cases to come. " A petitioner makes 'substantial showing' when he demonstrates that his petition involves issues which are debatable among jurist of reason, that another court could resolve the issues differently, or that the issues are adequate to deserve encouragement to proceed further" MILLER-EL V. COCKRELL 123 S.CT 1029,1036 (2003)

Petitioner contends that the State correctly selected the Strickland standard for review but applied it incorrectly in this case. "The Supreme Court in Williams held that a State court decision would involve an "unreasonable application of " clearly established S.Ct precedent if it "identifies the correct governing legal principle from [the] Courts decisions but unreasonable applies that principle to the facts of the prisoners case. HURTADO V TUCKER 245 F.3d7,15 (1st cir (1st Cir 2001)

(5)

Even though the SJC has ruled correctly that the Judge has the discretion to allow note taking during the course of the trial. Petitioner contends that in this case the Court's have committed error for it is a long held belief that the written word holds more sway than those just spoken. "When the judge thinks that it is likely to distort the charge as a whole, or unfairly favor one party, he may solve the problem either by declining to give or by declining to hand over any written instructions, or by reducing his **entire** charge to writing and reading it to the jury. UNITED STATES V COPELAND 152 F.3d 769 770.

In 1867 Congress enacted a statue providing that Federal Courts "shall have power to grant Writs of Habeas Corpus in **all** cases where any person may be restrained of his or her liberty in violation of the Constitution" even though it has been amended the scope still remains the same. WILLIAMS V TAYLOR 120 S.CT 1495,1503. in this scope alone the decision must be reversed.

The Petitioner contends that his Trial Lawyer's lack of objecting to the note-taking procedure during only two thirds of the instructions, Counsels Failure to present a full intoxication defense are not procedurally barred. The Petitioner states that his Trial Counsel was ineffective and argued such before the SJC and henceforth is not barred. The Petitioner claims his Counsels failure to present a full intoxication defense is not barred since he brought

(6)

them before the full SJC. And as in here. " Federal Habeas review does not demand that a petitioner in every case ask the State for collateral relief where he has already fairly presented the claim and the evidence on direct appeal." GUNTER V. MALONEY 291 F.3d 74,82 (1st cir 2002) The petitioner contend that there was no default, but if the court here concludes that there was one, he contends that his attorney's error rose to the level of Constitutional ineffective assistance of counsel. Which is one of the three objective factors, external to the defense, that are sufficient to constitute cause to excuse a procedural default. As recognized by the SUPREME COURT.

Petitioner contends that failure to consider these claims will result in a fundamental miscarriage of justice, and that if this decision is allowed to stand it will set precedent that written jury instructions need not be whole and the judges will be able to influence the jury in any outcome they wish.

The Respondent's contention that the SJC's decision was not contrary to or an unreasonable application of clearly established Supreme Court law is erroneous. Trial counsel was ineffective for failing to object to the improper note taking procedure during jury instruction, his failure to object to the instructions on principle liability, failure to argue that the kidnapping charge was a lesser included offense subsumed within the charge of attempted aggravated rape and was therefore duplicative, failure to request inspection or preservation of the jurors' notes, trial counsels conceding

(7)

his liability as a joint venturer in his closing argument, and conceding the defendant's guilt. Are all prime examples of Ineffective Assistance of Counsel. Trial counsel was also ineffective for failing to interview others at the Gentleman's Club , or gather other mitigating evidence was ineffective. " Counsels failure to discover and present... Significant mitigating evidence was below the range expected of reasonable professional competent assistance of counsel. WILLIAMS V TAYLOR 120 S.CT 1495,1501. Petitioner stands by his contention that his counsel was ineffective under Strickland v. Washington 466 US 668 (1984) or any case that the courts want to use. And for the SJC not to recognize that is and was tantamount to unequal protection under the law.

    Petitioner contends that the Respondent's third and final argument of Closure of the Court during jury instruction is flawed. Due to the Judges unprecedented implementation of the unrestricted note-taking creates an appearance of impropriety that he would close the courtroom for the instructions under these conditions. That it would create an atmosphere of intolerance to any objection to the notes if one was made.

    In conclusion the petitioner hereby contends that his Constitutional rights were violated and that the StatesCourts decision was contrary to clearly established Federal law. "The ultimate question on Habeas, however, is not how well reasoned the State Court decision is, but wether the outcome was reasonable. HURTADO V. TUCKER 245 F.3d 7,20 (1st cir 2001)

(8)

and the Petitioner clearly contends that with the judges error on note-taking the outcome was unreasonable. The Petitioner contends also with the weight of this Traverse and his Memorandum that the SJC's decision was contrary to clearly established Federal Law.

For these reasons and the ones cited in the original Memorandum of law the Writ of Habeas Corpus Should be granted. And the convictions set aside.

DATED: 02/22/2007

*Timothy G Dykens* (signature)

TIMOTHY G DYKENS

PETITIONER, IN

PROPRIA PERSONA

(9)