United States District Court
District of Massachusetts

```
_____
                               )
Timothy George Dykens,         )
        Plaintiff,             )
                               )
        v.                     )   Civil Action No.
                               )   04-10544-NMG
Peter Allen,                   )
        Defendant.             )
_____)
                               )
                               )
                               )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

A prisoner in the custody of the Commonwealth of Massachusetts petitions for a writ of habeas corpus. Because his petition initially presented claims that had not been exhausted in the state courts, this Court ordered that in order to avoid immediate dismissal of his petition, he could delete such claims and proceed only with his exhausted claims, which he did. That deletion and the resubmission of his revised petition resulted in a clerical error by which this case was inadvertently designated "closed", and his later motions were accordingly summarily denied.

Now before the Court are petitioner's 1) motion to correct the record, 2) amended petition for habeas corpus and 3) motion to traverse, which is, in effect, a supplemental petition for habeas corpus.

-1-

**I.    Background**

On June 12, 1996, a jury in the Massachusetts Superior Court Department, Essex County, convicted petitioner Timothy Dykens ("Dykens") of first degree murder, attempted aggravated rape and kidnapping.  Dykens was sentenced to life imprisonment and is currently serving that sentence.  He filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on March 16, 2004.  In a Memorandum and Order dated June 17, 2005, this Court found his petition to be "mixed", presenting some claims that had been exhausted in state court and some that had not.  Acting pursuant to Rhines v. Weber, 544 U.S. 269 (2005), this Court ordered Dykens to delete the unexhausted claims and resubmit his petition within 30 days in order to proceed with only the claims that he had exhausted in state court or otherwise face dismissal of his petition.  Dykens v. Allen, 379 F. Supp. 2d 71 (D. Mass. 2005).  On August 3, 2005, after Dykens had failed to file an amended petition, this Court entered an order of dismissal.

On August 25, 2005, Dykens submitted an affidavit asserting that he had not received notice of the Court's Order of June 17, along with a motion for reconsideration of the dismissal of his petition.  This Court allowed the motion for reconsideration in an Order dated December 8, 2005, granting Dykens an additional 30 days in which to file his amended petition.

Dykens submitted his amended petition, stating only his

exhausted claims, on January 13, 2006. The government opposed his petition on November 21, 2006, and Dykens then submitted a motion to traverse on February 27, 2007, stating a new ground for habeas relief. In denying the motion to traverse, this Court indicated that the case had been closed as of August 3, 2005, in apparent reference to the initial dismissal of the mixed petition. Because Dykens was permitted to file, and did file, an amended petition stating only his exhausted claims, the case had not, in fact, been properly closed. Petitioner's motion to correct the record arises out of that misunderstanding.

## II.   Analysis

### A.   Motion to Correct the Record

The motion to correct the record essentially draws the Court's attention to the fact that the case was not, in fact, closed on August 3, 2005, as the recent docket notation indicates. A further notation will be entered to reflect that the August 3, 2005, dismissal was not final because the Court allowed Dykens's subsequent motion for reconsideration and permitted him to resubmit his petition after deleting the unexhausted claims.

### B.   Amended Petition for Habeas Corpus

Dykens's amended petition states three grounds for relief: 1) the trial court's alleged error in permitting note-taking by

the jury during part of his charge to it, 2) ineffective assistance of counsel and 3) the trial court's alleged error in refusing to allow anyone to enter or leave the courtroom during the jury charge. This memorandum briefly addresses each of the grounds.

### 1.  Jury Note-Taking

The judge presiding over Dykens's jury trial divided his charge into two sections, the first covering general matters of jury procedure and the second explaining the details of the specific laws applicable to his case. He allowed the jury to take notes only on the second portion, a procedure that Dykens now claims prejudiced his case by emphasizing the elements of the crime over the baseline presumption of innocence.

This Court is empowered to grant relief only for violations of federal law. Where a state court decision rests on its application of state law, federal habeas relief is not available. Coleman v. Thompson, 501 U.S. 722, 729 (1991). Because Dykens did not object at trial to the court's procedure, his claim is subject to state-law procedural default. Although Dykens claims a violation of a federal right, such a procedural failure (and the state court's denial of his appeal thereof) is a matter of state law precluding this Court from issuing a writ of habeas corpus on those grounds. Id. The only exception to this rule applies to cases in which the petitioner can show 1) cause for

and prejudice resulting from the default, or 2) that a failure to consider his federal claim will result in a "fundamental miscarriage of justice." Dykens cannot meet that standard which is "seldom to be used, and explicitly tied to a showing of actual innocence." Burks v. DuBois, 55 F.3d 712 (1st Cir. 1995).

### 2.  Ineffective Assistance of Counsel

Dykens asserts several shortcomings in the performance of his trial counsel and claims that they constitute ineffective assistance and entitle him to a new trial. Specifically, he finds fault with counsel's failure 1) to object to the note-taking procedure, 2) to object to the jury instructions on note-taking, 3) to present further evidence in support of his intoxication defense, including Dykens's testimony on his own behalf, 4) to object to the trial court's instruction on principal liability and 5) to argue that kidnapping was a lesser included offense of aggravated rape and therefore a duplicative charge.

Just as with his objections to the note-taking procedure itself, the first three alleged deficiencies are procedurally barred because Dykens failed to raise them in his motion for a new trial in the Massachusetts Supreme Judicial Court ("SJC"). With respect to the fourth and fifth grounds, this court's review is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(b) et seq. ("AEDPA") and the Supreme

Court's holdings in Williams v. Taylor, 529 U.S. 362 (2000).

AEDPA precludes habeas relief except where the state proceedings

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1). A state decision is "contrary to" clearly established federal law if the state court applies the wrong rule to the case or if it faces facts indistinguishable from those of a Supreme Court case but reaches a contrary result. It is an "unreasonable application" if the state court identifies the correct rule but its application of the rule to the facts is "objectively unreasonable." Taylor, 529 U.S. at 405-06.

Although the SJC applies a more defendant-friendly standard to ineffective-assistance claims brought by first-degree-murder defendants than does the United States Supreme Court, there was no "contrary" decision under the first prong of AEDPA's review. Contrast Strickland v. Washington, 466 U.S. 668 (1984) (requiring defendant to demonstrate that counsel's errors changed the result of his trial) with M.G.L. c. 278 § 33E (granting relief when counsel's error was likely to have influenced the jury's conclusion). Although that results in the SJC applying a different rule to the case than would be applied by Supreme Court case law, the departure here favors the defendant. Furthermore, the SJC's reasonable conclusion that each of the objections that

Dykens would have had his counsel raise would have been overruled (or, at best, would not have affected the jury's deliberations) supports a holding that there was effective assistance of counsel under Strickland.  The SJC's application of the law was therefore not "objectively unreasonable".

### 3. Closing the Court During Jury Charge

The Sixth Amendment guarantees a criminal defendant a right to a public trial, and it is that right that Dykens alleges was infringed by the trial court's decision not to allow anyone to enter or leave the courtroom during the jury charge.  He asserts further that the decision ran contrary to local court rules and constituted an abuse of the trial judge's discretion but the underlying federal right at issue remains the Sixth Amendment. As with the ineffective-assistance claims discussed above, this Court's review of the SJC's determination is limited by AEDPA and Taylor.

The Supreme Court has not ruled on the specific practice followed by the trial judge in this case, i.e. restricting the public from entering or leaving the courtroom during the jury charge.  Thus, there is no explicit rule to be applied from the Supreme Court case law, nor has that Court faced similar facts and reached a contrary conclusion.  Therefore, this Court's inquiry is limited to the question of whether the SJC's ruling was an "unreasonable application" of the Supreme Court's case law

governing the right to a public trial. See Waller v. Georgia, 467 U.S. 39 (1984) (identifying the defendant's interest in a public trial as a safeguard of a fair process).  Because neither the public generally nor any particular member of the public (e.g. the defendant's family) was prevented from attending the jury charge, the trial court was within its discretion to reduce distractions during the jury charge by restricting entry and departure.  Thus, the SJC's holding to that effect was not unreasonable.

    **C.**    **Motion to Traverse**

Dykens's final submission is styled a "motion to traverse" but, in substance, it is a supplement to his habeas petition adding a claim that the trial court's "findings of fact" were unreasonable as a matter of law.  In light of his status as a pro se petitioner, the appropriate course for the Court to take is to overlook the procedural irregularities and address the merits of his argument.

On the merits, petitioner asserts that "the state court unreasonably determined the facts".  AEDPA requires that findings of fact from a state trial court be presumed to be correct, unless the petitioner can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  Although he incorporates all of his voluminous prior filings into his amended petition, Dykens cannot meet that standard.  As the SJC

confirmed, the jury's findings of fact are all supported by the trial record.

**ORDER**

In accordance with the foregoing, petitioner's motion to correct the record (Docket No. 29) is **ALLOWED,** his motion to traverse (Docket No. 27) is **DENIED** and his amended petition for a writ of habeas corpus (Docket No. 19) is **DISMISSED.**

**So ordered.**

/s/Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 29, 2007