UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

TIMOTHY DYKENS,
    Petitioner,

v.                                    CIVIL ACTION

PETER ALLEN,                    NO. 04-10544-NMG
    Respondent,

---

MEMORANDUM IN SUPPORT OF

PETITION FOR ISSUANCE OF

CERTIFICATE OF APPEALABILITY

---

On November 29, 2007, this Honorable Court entered its order denying the application of the Petitioner, Timothy Dykens, to vacate, set aside the sentence pursuant to 28 U.S.C.A. §2253.3c In order for the petitioner to appeal said order to the United States Court of Appeals for the First Circuit, The Petitioner respectfully requests that this Court issue a certificate of appealability, pursuant to 28 U.S.C.A.§ 2253.3c & Rule 22.1a of the Federal Rules of Appellate Procedure.

Petitioner maintains that he is entitled to redress on appeal on the following grounds, which substantially show that he was denied his constitutional rights:

1) Jury Note-Taking:

The Petitioner contends that the States contention that as Petitioner's lawyer did not object at Trial and was cause for a procedural bar. Petitioner disputes this, and claims that Respondent misrepresented to the Court on this issue that he was subjected to state law procedural default. Petitioner claims that this is not subject to such a default by a Supreme Court ruling that quote " The mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise that claim despite recognizing it, does not constitute cause for procedural default." Murray v. Carrier 106 S.Ct 2639,2644. Petitioner also claims that this note taking procedure was by surprise, and that it was unique. The Supreme Court has held "that where a constitutional claim (as here) is so novel that its legal basis is not reasonably available to counsel, a defendant has cause, for his failure to raise claim in accordance with applicable State procedures." Reed v. Ross 104 S.Ct 2901,2910. And "Under such circumstances when a procedural failure is not attributed to an intentional decision by counsel made in pursuit of his clients intrest and failure of counsel to raise a Constitutional issue reasonably unknown to him is one situation which requirement is met." Reed v. Ross 2909. And the Supreme Court has also held that " A criminal defendant, they urge, may not wave Constitutional objections unknown at the time of trial." Engle v. Isaac 102 S.Ct 1558,1573 The cause for failure to object is the fact it was a surprise

to trial counsel, and the prejudice from this act was it made burden of proof and presumption of innocence trivial to the jury regardless of the trial judges instructions later. In Lynch v. Ficco 438 F 3.d 35,48 (1st Cir. 2006) citing Mello v. Dipaulo 295 F 3.d 137 (1st Cir. 2002) " We considered on Habeas an unobjected to jury instruction error and evaluated whether there was a "**probability** sufficient to undermine confidence in the outcome that the instruction error " **could**... have affected the verdict the jury returned." As was the case here when the judge trivialized reasonable doubt and presumption of innocence in his unprecedented jury instruction. And by his heavy handed actions with this he violated the Petitioner's "Constitutional Rights so basic to a fair trial that their infraction can never be treated as harmless error." Chapman v. California 386 US 18,23 87 S.Ct at 827-828. And failure to issue a C.O.A. on this claim will not only be a miscarriage of justice to Petitioner but to all other defendant's to come out of Massachusetts, where Judges will be able to implement partial note-taking at there leave with no consequences to there actions. Thus enabling them to receive any verdict they want.

2) Ineffective Assistance of Counsel:

   The Petitioner contends that the States contention, that his first three claims of Ineffective Assistance 0f Counsel are barred because Petitioner failed to raise them in his Motion for New Trial. Petitioner disputes this and claims that the Respondent misrepresented the law to the

Court. Petitioner contends that he did exhaust State remedies by presenting them to the Supreme Judicial Court of Massachusetts. The 1st Circuit Court has already held that "Federal Habeas review does not demand that a Petitioner in every case ask the State for collateral relief where he has already fairly presented the claim and the evidence on direct appeal." Gunter v. Maloney 291 F 3.d 74,82. And the First Circuit has also decided that " A Habeas Petitioner in state custody may not advance his or her Constitutional claims in a Federal forum unless and until the substance of those claims has been fairly **presented** to the States Highest Court."Barresi v. Maloney 296 F.3d 48,51(1st Cir 2002) And that was clearly done in this case at bar. " a claim of Ineffective Assistance may be resolved on direct appeal of the defendants conviction. Barry v. Ficco 392 F.Supp 2d 83,97. The Petitioner claims of Constitutional error were given to the State in his direct appeal to review and correct and they failed to correct it." The Exhaustion Doctrine serves to give State Courts The first opportunity to review all claims of Constitutional error." Rose v. Lundy 518-519 102 S.Ct at 1203. Petitioner contend that he gave the State Courts the first opportunity, and that now he is in Federal Court with a legitimate Constitutional claim the State claims he is barred because he didn'd file a rule 30, When according to barresi v. Maloney, Barry v. Ficoo, and gunter v. Maloney he does not need to give them a second or what it would be in this case a third chance to correct something they already had the opportunity to correct. Petitioner contends that if his honor does not

grant this Certificate of Appealability on all of the Petitioner's issues that it would not only be a travisty to the Petitioner but it would be a fundamental miscarriage of justice to all who would face trial in the future in the State of Massachusetts. Petitioner also Contends that the issues that are mentioned in this Memorandum and those not are debatable among jurist of reason for there are recent case law out of the first circuit to uphold that contention."And seeing as " Habeas Corpus is a special proceeding to right wrongs," Bernier v. Moore cite 441 f.2d 395,396 (1971) it would be wrong to hold a Propia Persona litigant accountable for  not understand the rulings out of the 1st Circuit that are mixed on all of these matters.

So in Conclusion:

   The Petitioner contends that All of his grounds that he brought forth in his application for his Petition for Writ of Habeas Corpus by a person in State Custody,and in his Memorandum in Support of such are all clearly debatable among jurist's of reason.

   So this Petitioner prays that this Honorable Court will grant him the C.O.A. that he does seek in this motion, On all grounds ruled on and those not ruled on.

RESPECTFULLY SUBMITTED,

*Timothy L Dykens*

DATED: 01-30-08

TIMOTHY DYKENS, PRO-SE
PO BOX 100
S. WALPOLE MA 02071